UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Equal Employment Opportunity Commission, | Case No. 23-mc-101 (DJF) |
| Petitioner, | **ORDER** |
| v. | |
| Cambridge Transportation, Inc., | |
| Respondent. | |

This matter is before the Court on Petitioner United States Equal Employment Opportunity Commission's ("EEOC") Application for an Order to Show Cause Why Administrative Subpoena Should not be Enforced ("Application") (ECF No. 1). The Court held a hearing on this matter on February 22, 2024, during which it ordered Respondent Cambridge Transportation, Inc. ("Cambridge") to comply with the subpoena on or before May 14, 2024. If Cambridge fails to fully comply with the EEOC's subpoena by that date the Court may hold it in civil contempt and issue daily fines for each day Cambridge remains in noncompliance (*see* ECF No. 18). The Court memorializes its decision below.

The EEOC filed its Application on October 19, 2023 (ECF No. 1). This action began on August 6, 2021 when a former worker filed charges with the EEOC against Cambridge alleging discrimination under Title VII, the Americans with Disabilities Act ("ADA"), and the Equal Pay Act ("EPA") (ECF No. 4-2). Cambridge operates a medical transportation service, and the charging party, who was a driver for Cambridge, alleged Cambridge discriminated against her on the basis of sex (female), race (white), national origin (United States) and disability, by paying a

higher rate of compensation to men of Somalian national origin (*id.* at 1). She further alleged Cambridge employees harassed her about her disability (*see* ECF No. 2 at 2).

The EEOC sent its Notice of Charge of Discrimination to Cambridge on August 16, 2021 (ECF No. 4-3), and its first Request for Information ("RFI") on October 27, 2022, with a response deadline of November 10, 2022 (ECF No. 4-5). It sought: (1) a copy of the charging party's personal file; and (2) the name, race, sex, and pay rate (specifying whether the rate was hourly, monthly, or per job performed) of all drivers (including employees and alleged contractors) who drove for Cambridge Transportation (*see id.* at 2).

Cambridge did not respond to the RFI, and on March 2, 2023, the EEOC served Cambridge with an administrative subpoena signed by then-District Director Julianne Bowman (ECF No. 4-6). The subpoena requested personnel records and communications with the charging party, tax filing information, and data pertaining to all drivers from January 1, 2020 to the present, including: (1) name, race, sex, and date of hire; (2) location of work performed; and (3) dollar amount per month agreed for each driver (including whether the pay rate was hourly, monthly, or per job performed). The subpoena further requested the total number of individuals who drove for Cambridge while the charging party worked for Cambridge and a list of all positions Cambridge considered to be employees as opposed to contractors. (*Id.*) The EEOC asserts Cambridge did not comply with the subpoena's response deadline of March 17, 2023 (*see* ECF No. 2 at 3).

The EEOC states that it made several attempts to resolve Cambridge's noncompliance without resorting to court action. The EEOC notified Cambridge of its intent to bring this action on May 18, 2023 and gave Cambridge until May 25, 2023 to comply with the subpoena (ECF No. 4 ¶ (3)(i)), but states that Cambridge failed to meet that deadline (*id.* ¶ (3)(j)). After numerous unsuccessful attempts to contact Cambridge, the EEOC received a return call on May 31, 2023 (*id.*

2

¶¶ (3)(k), (3)(l)).  Cambridge also submitted information in response to the EEOC's requests, including a document entitled "1099 Summary Report," which contains a table identifying each driver from 2020–23 by name, address and social security number, and displays pay dates and amounts with the total miles, total legs, and the gross and net pay for each pay date.  (*id.* ¶ (3)(l); ECF No. 4-7.)  This report reflects eight pay dates for the charging party in 2021 and a total of 189 legs, but it shows payments of $0 for each of those dates.  (*Compare* ECF No. 4-2, *with* ECF No. 4-7 at 124.)  Cambridge also produced a spreadsheet entitled "Employee details report for all employees from all locations" ("Spreadsheet").  This document displays information for 26 Cambridge employees, including their names and addresses, dates of hire, and pay rates (including whether hourly or annually) (ECF No. 4 ¶ (3)(l); ECF No 4-8).  Gender is included for some, but not all individuals listed on the spreadsheet and no race information appears to be included.[1]  (*See* ECF No. 4-8.)  The charging party—whom Cambridge classifies as a contractor and not an employee—is not among the individuals listed.  (*Compare* ECF No. 4-2, *with* ECF No. 4-8; *see also* ECF No. 4-4 at 1.)

The EEOC determined Cambridge's productions were incomplete and largely non-responsive (ECF No. 2 at 3).  It noted that: (1) the Spreadsheet only identified some of the employees' race or sex; (2) many of the drivers identified in the 1099 Summary Report do not appear in the Spreadsheet; and (3) most critically, the agreed-upon pay rate and pay arrangement for each driver was indiscernible from the 1099 Summary Report and Spreadsheet.  (*Id.* at 4.)  On June 14, 2023, the EEOC informed Cambridge its document production was unsatisfactory, but stated it would deem Cambridge in compliance with the subpoena if Cambridge produced

---

[1] Some of the information contained in the Spreadsheet is redacted, and since the EEOC has not filed a non-redacted version under seal, the Court cannot determine whether race information might have been redacted from the public filing.

additional information by June 26, 2023, including: (1) documents sufficient to establish pay rates for all drivers who performed work at Cambridge, specifying the pay arrangement for each driver (including whether the arrangement was hourly, yearly, or on the basis of miles driven); and (2) a complete list of all drivers from the time period at issue, including each driver's name, race, sex and date of hire (ECF No. 4 ¶ (3)(m)). The EEOC asserts Cambridge failed to respond by that deadline (*id.* ¶ (3)(n)).

The EEOC initiated this action on October 19, 2023 (ECF No. 1). For relief, it sought: (1) an order directing Cambridge to appear and show cause why an order should not issue directing Cambridge to comply with the EEOC's administrative subpoena; and (2) a subsequent order directing Cambridge to comply with the subpoena (*id.* at 3). On November 1, 2023, the Court ordered Cambridge to file a responsive memorandum on or before November 15, 2023, directed the EEOC to file any reply on or before November 22, 2023, and scheduled an in person hearing for November 30, 2023 (ECF No. 7). The hearing was delayed for a number of months for multiple reasons, including delayed service of the relevant court filings on Cambridge and a stay of the proceedings, which the Court granted on the EEOC's motion after Cambridge contacted the EEOC and promised to produce the information requested by December 26, 2023. (*See* ECF Nos. 9–10, 12–13.)

Cambridge produced additional information on December 26, 2023 (ECF No. 14 at 1), including a one-page document entitled "EXHIBIT A- PAYMENT", which purports to be an Independent Contractor Agreement (ECF No. 14-1). It identifies the payment structure and factors Cambridge took into account in determining payment for independent contractors, including pick-up fees, mileage rates, no load mileage rates, and wait time rates depending on insurance coverage and insurer. (*Id.*) This document does not contain information regarding the race, gender or rates

Cambridge actually paid to any specific driver, however. (*Id*.) Cambridge also produced a second document titled "Driver List 2020–2023 (ECF No. 14-2). This document is a list of drivers, including names, dates of birth, genders, and redacted columns for driver's license and social security numbers. (*Id.*) According to the EEOC, it lists fewer than half of the drivers listed in the 1099 Summary Report previously produced, and it plainly omits any information regarding any driver's race or date of hire. (ECF No. 14 at 2.)

Finding this second production failed to bring Cambridge into compliance with the subpoena, the EEOC requested another hearing (ECF No. 14 at 2–3). The Court lifted the stay, ordered Cambridge to file its responsive memorandum by February 8, 2024, directed the EEOC to file any reply by February 15, 2024, and scheduled an in-person hearing on February 22, 2024. (ECF No. 15.) The EEOC filed an affidavit of service establishing it served Cambridge with a copy of the Court's Order by email on January 26, 2024 and by certified mail on February 1, 2024 (ECF No. 16).

Cambridge did not file a responsive memorandum as directed by the Court. The EEOC filed a reply, however, requesting that the Court: (1) allow the February 22, 2024 hearing to proceed notwithstanding Cambridge's failure to respond; (2) deem any defenses to the subpoena waived; (3) issue an order requiring Cambridge to fully comply with the subpoena by March 14, 2024; and (4) instruct Cambridge that any failure to comply by that date may result in a finding of civil contempt with attendant coercive financial penalties (ECF No. 17).

Roughly one hour before the hearing, the Court received an *ex parte* email from Cambridge's registered agent, Suber Mohamed, claiming he had cured the deficiencies identified by the EEOC by producing additional documents the night before. He said he had not yet received a response from the EEOC as to whether his production was sufficient and questioned whether it

was necessary to waste the Court's time and resources by proceeding with the hearing. He also noted that Cambridge had not yet obtained counsel to represent its interests at the hearing. He requested a continuance to afford Cambridge time to retain counsel and give the EEOC a chance to review Cambridge's production. The Court's staff copied the EEOC's counsel in its response, explaining that the hearing would proceed as scheduled and directing Mr. Mohamed to include the EEOC's counsel in all future communications with the Court. Mr. Mohamed responded that he was unable to attend the hearing because Cambridge did not have counsel and, when that excuse was unavailing, represented he could not make it to the courthouse because he was not "in possession of a vehicle."[2] To avoid rescheduling the hearing, and because the EEOC's counsel had traveled to Minnesota from another state, the Court allowed Mr. Mohamed to participate by telephone.

During the hearing, the EEOC's counsel said she had not yet had time to review the most recent production in detail, but stated it was obvious from a cursory review of the materials that they did not provide the EEOC with the information necessary to determine the pay rate for each Cambridge driver. She asked the Court to enter an order requiring Cambridge to comply with the subpoena by March 14, 2024, subject to a civil fine of $800 per day for each day it remained out of compliance after that date. Mr. Mohamed did not raise any substantive arguments against the EEOC's requests but claimed he had not yet had sufficient time to meet the EEOC's production demands—a claim that is clearly belied by the record.

The Court finds Mr. Mohamed's arguments are unavailing and that Cambridge waived any additional arguments against enforcement of the subpoena by failing to respond as directed. The

---

[2] The Court notes the irony of a transportation company's agent claiming he was unable to obtain transportation to attend a mandatory court hearing.

Court further concludes the EEOC's administrative subpoena seeks information reasonably relevant to an authorized investigation and is neither unacceptably vague nor issued for an unauthorized purpose, *see U.S. E.E.O.C. v. Technocrest Sys., Inc.*, 448 F.3d 1035, 1040 (8th Cir. 2006). The Court orders Cambridge to fully comply with the subpoena on or before May 14, 2024. To assist Cambridge in gathering the required data, the Court has instructed the EEOC to file a letter with the Court identifying in simple terms the specific items of data it still needs. (*See* ECF No. 19.) If Cambridge does not comply with the subpoena by May 14, 2024, the Court may find Cambridge in civil contempt and impose a daily fine for each day after May 14, 2024 that Cambridge remains out of compliance.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Application for an Order to Show Cause Why Administrative Subpoena Should not be Enforced (ECF No. [1]) is **GRANTED** as follows:

   a. Respondent must fully comply with the administrative subpoena (ECF No. [4-6]) on or before **May 14, 2024**;

   b. Petitioner shall file a report on or before May 14, 2024 indicating whether Respondent has complied with the subpoena, and if not, specifically identifying any alleged deficiencies; and

   c. Failure to comply with the administrative subpoena by May 14, 2024 may result in a finding of civil contempt and an order imposing a fine for each day after May 14, 2024 that Cambridge remains out of compliance with the EEOC's administrative subpoena.

2. The Court cautions Cambridge that failure to appear in person at any future court hearings as ordered will likely result in sanctions.

Dated: February 26, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge