UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Equal Employment Opportunity Commission, | Case No. 23-mc-101 (NEB/DJF) |
| Petitioner, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Cambridge Transportation, Inc., | |
| Respondent. | |

This matter is before the undersigned Magistrate Judge for a Report and Recommendation on Petitioner United States Equal Employment Opportunity Commission's ("EEOC") request for an order imposing a daily civil fine against Respondent Cambridge Transportation, Inc. ("Cambridge") (ECF No. 23) for its failure to comply with the Court's order to respond to the EEOC's administrative subpoena ("February 27 Order") (ECF No. 20).

On February 22, 2024, the Court held a hearing on the EEOC's Application for an Order to Show Cause Why Administrative Subpoena Should not be Enforced ("Application") (ECF No. 1). Suber Mohamed was present at that hearing via telephone as the non-attorney registered agent for Respondent Cambridge Transportation Inc. ("Cambridge") to explain the status of Cambridge's production in response to the subpoena (ECF No. 18). The Court issued an order from the bench granting the EEOC's Application and memorialized its decision in its February 27 Order (ECF No. 20). The February 27 Order provides a detailed history of Cambridge's noncompliance with the EEOC's subpoena, its repeated failures to respond to the EEOC, and Cambridge's attempt to cancel the February 22 Hearing, which the Court incorporates by reference here (*see id.* at 2–6).

1

In granting the EEOC's Application, the Court: (1) ordered Cambridge to comply with the subpoena on or before May 14, 2024; (2) ordered the EEOC to file a status report with the Court on or before May 14, 2024 indicating whether Cambridge has complied with the subpoena, and if not, where it has been deficient; and (3) expressly stated that the "[f]ailure to comply with the administrative subpoena may result in a finding of civil contempt and an order imposing a fine for each day after May 14, 2024 that Cambridge remains out of compliance with the EEOC's administrative subpoena[,]" among other requirements (*id.* at 7–8).

On May 14, 2024, the EEOC filed its Status Report ("May 14 Status Report") (ECF No. 23).  The May 14 Status Report describes Cambridge's continued unwillingness to comply with the EEOC's subpoena, as well as its unwillingness to comply with the Court's February 27 Order:

> On February 29, 2021, EEOC emailed Cambridge Transportation the Court's Order to Show Cause and the EEOC's letter to the Court specifying the sought documents (Dkt. 20, 21). *See* Exh. A, Email on Feb. 29, 2024. On that date, EEOC sent the same to Cambridge Transportation via US Mail. There, EEOC encouraged Cambridge Transportation to produce the documents with sufficient time for EEOC's review by May 14, 2024. *Id.* Cambridge Transportation did not reply to the email or letter. On April 30, 2024, EEOC again emailed Cambridge Transportation, reminding it of the approaching deadline and requesting an update on the document production. *See* Exh. B, Email on April 30, 2024. Cambridge Transportation did not reply to the email.
>
> In light of the lack of response, EEOC called Cambridge Transportation on May 7, 2024. On the phone, Cambridge Transportation acknowledged the nearing deadline and indicated it would provide the EEOC with a status update by email within the following day, May 8, 2024. At that point, EEOC again reminded Cambridge Transportation must produce the documents with sufficient time for EEOC's review before May 14, 2024. Cambridge Transportation did not send EEOC an email with a status update.

(ECF No. 23 at 1–2).  The EEOC requested an order imposing a civil fine of $800 dollars per day for each day past May 14, 2024 that Cambridge remains noncompliant with its subpoena (ECF No. 23 at 2).

2

On May 20, 2024, the Court issued an Order to Show Cause why sanctions for contempt should not be imposed against Cambridge for failure to comply with the Court's February 27 Order and scheduled a show cause hearing on June 7, 2024 ("Order to Show Cause") (ECF No. 25). The Court directed the EEOC to serve a copy of the Order to Show Cause on Cambridge to ensure Cambridge had proper notice of the hearing, and the EEOC filed an affidavit of service on May 24, 2024. (*See* ECF Nos. 25, 26.) Notwithstanding such notice, counsel has not appeared on Cambridge's behalf and Cambridge and did not appear at the hearing ("June 7 Hearing") (*see* ECF No. 26). Nor did Cambridge attempt to communicate with the Court in any way regarding the status of its production, its compliance with the Court's February 27 Order, or any effort to retain counsel to represent its interests in these proceedings.

During the June 7 Hearing, the EEOC stated that it had received a communication earlier that day from an individual who purported to be the new CEO of Cambridge. That individual claimed Mr. Mohamed no longer worked for Cambridge.[1] The individual also stated that Cambridge has retained counsel, but did not identify Cambridge's attorney, and claimed the attorney was on vacation and unable to enter an appearance. This individual also claimed Cambridge would comply with the subpoena by Monday, June 10, 2024.

The Court warned Mr. Mohamed at the February 22 Hearing of the company's obligation to retain counsel if it seeks to participate in this litigation. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (stating that the law does not allow a corporation to proceed *pro se*) (citing 28 U.S.C. § 1654; *United States v. Van Stelton*, 988 F.2d 70, 70 (8th

---

[1] The Court takes judicial notice of the information posted by the Office of the Minnesota Secretary of State on its website, *see* Office of the Minn. Sec. of State, Business Search, https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=59bc9d79-8dd4-e011-a886-001ec94ffe7f (last accessed June 7, 2024), which still lists Suber Mohamed as a registered agent for Cambridge.

3

Cir.1993) (per curiam); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991)). Cambridge has had ample time to retain counsel, for its alleged counsel to enter an appearance, and to ensure that its counsel either would be available to attend the show cause hearing or move to reschedule it. Despite having months to retain counsel, and with full awareness of the Court's deadline to comply with the subpoena, it has failed to do so and has made no effort either to explain that failure or seek more time to comply. The Court therefore finds Cambridge has waived any potential defenses to the EEOC's motion and request for sanctions.

Under Fed. R. Civ. P. 45(g), the court for the district where compliance with a subpoena is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The Court finds Cambridge's continued noncompliance with the subpoena and the Court's February 27 Order warrants a finding of civil contempt and the imposition of monetary sanctions. The Court does not make this recommendation lightly, but Cambridge's intransigent refusal to cooperate leaves few other options.

The penalty the EEOC has requested—$800 per day of noncompliance—does not appear to be justified at this stage, however. *See, e.g.*, *Soundkillers LLC v. Young Money Ent., LLC*, 14-cv-7980 (KBF) (DF), 2016 WL 4990257, at *5-6 (S.D.N.Y. Aug. 2, 2016) (beginning with a $100 fine for failing to appear at a contempt hearing, increasing the fine to $250 per day on a subsequent motion for additional sanctions, levying a $500 daily fine for noncompliance continuing after 30 days, authorizing the seizure of assets after 60 days, and authorizing the United States Marshals Service to lock the company's premises after 90 days), *report and recommendation adopted*, No. 14-CV-7980 (KBF), 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016). The Court recommends an initial daily fine of $100 per day for each day Cambridge remains noncompliant with the subpoena beginning June 7, 2024, the date of the show cause hearing, and continuing until Cambridge

4

satisfactorily complies. Additional daily sanctions and penalties may be warranted in the future if Cambridge's failure to comply with the subpoena continues.

## ORDER

**IT IS HEREBY ORDERED THAT**:

1. The EEOC shall serve a copy of this Order and Report and Recommendation on Respondent Cambridge Transportation Inc. via U.S. Certified Mail and file a certificate of service of the same by **June 17, 2024**; and

2. The EEOC shall file a letter notifying the Court within **14 days** of its receipt of any production of information from Cambridge purporting to satisfy the subpoena's requirements, stating whether the production is satisfactory or deficient, and identifying any such deficiencies.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. A civil contempt finding be entered against Cambridge Transportation, Inc.; and

2. Cambridge be ordered to pay civil contempt sanctions to the EEOC in the amount of $100.00 per day for each day that Cambridge remains out of compliance with the EEOC's subpoena, beginning June 7, 2024.

Dated: June 10, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).