# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Equal Employment Opportunity Commission, | Case No. 23-MC-101 (NEB/DJF) |
| Petitioner, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Cambridge Transportation, Inc., | |
| Respondent. | |

This matter is before the undersigned Magistrate Judge for a Report and Recommendation on Petitioner United States Equal Employment Opportunity Commission's ("EEOC") motion (ECF No. 36) to modify the civil contempt sanctions the Court imposed (ECF No. 33) against Respondent Cambridge Transportation Inc. ("Cambridge") for its continued failure to comply with the Court's order to respond to the EEOC's administrative subpoena ("February 27 Order") (ECF No. 20).

Cambridge has a history of non-compliance with its discovery obligations and an unwillingness to respond to court orders. On July 8, 2024, District Judge Nancy E. Brasel found Cambridge in civil contempt and ordered it to pay sanctions to the EEOC in the amount of $100 per day for each day that it remained out of compliance with the EEOC's subpoena. (ECF No. 33.) But the current sanctions have proven ineffective in securing Cambridge's compliance with the February 27 Order. On June 7, 2024, the EEOC's counsel reached out to Keillen Curtis, whom Cambridge identified as its legal representative, to discuss the subpoena. (ECF No. 34-1.) Identifying himself as general counsel for Cambridge, Mr. Curtis advised the EEOC in an email dated July 10, 2024 that the company was "in talks with a firm to represent them in this litigation

1

matter." (*Id.*)  As of August 23, 2024, however, neither Cambridge nor any attorney for Cambridge had responded to the EEOC's requests to discuss the company's compliance with the subpoena. (ECF No. 36 at 2.)

On August 23, 2024, the EEOC filed the motion now before the Court.  (ECF No. 36.)  On August 26, 2024, the Court ordered Cambridge to file a response to the motion on or before September 6, 2024.  (ECF No. 37.)  To ensure Cambridge received fair notice, the Court further directed the EEOC to serve Cambridge with a copy of the motion and the Court's briefing order. (*Id.*)  On August 27, 2024, the EEOC filed a certificate of service that reflected service on Cambridge's registered agent, Adna Mohamed, by U.S. certified mail.[1]  (ECF No. 38.)  The deadline for Cambridge's response has now passed, and Cambridge has not responded to the motion as ordered or communicated with the Court in any way, nor has any attorney for Cambridge entered an appearance.

In light of Cambridge's continued failure to comply with the subpoena and the Court's orders, the Court recommends an increase in sanctions from $100 per day to $200 per day, starting September 9, 2024 and continuing until Cambridge fully complies with the February 27 Order. Additionally, the Court warns Cambridge that more serious penalties may be imposed if its current pattern of behavior continues, **including seizure of the business**.  *See, e.g.*, *Soundkillers LLC v. Young Money Ent., LLC*, 14-cv-7980 (KBF) (DF), 2016 WL 4990257, at *5-6 (S.D.N.Y. Aug. 2, 2016) (beginning with a $100 fine for failing to appear at a contempt hearing, increasing the fine to $250 per day on a subsequent motion for additional sanctions, levying a $500 daily fine for

---

[1] The Court takes judicial notice of the information posted by the Office of the Minnesota Secretary of State on its website, *see* Office of the Minn. Sec. of State, Business Search, https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=59bc9d79-8dd4-e011-a886-001ec94ffe7f (last accessed September 9, 2024), which lists Adna Mohamed as a registered agent for Cambridge.

2

noncompliance continuing after 30 days, authorizing the seizure of assets after 60 days, and authorizing the United States Marshals Service to lock the company's premises after 90 days), *report and recommendation adopted*, No. 14-CV-7980 (KBF), 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016).

## ORDER

Based on the foregoing, and all the records, files and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The EEOC shall serve a copy of this Order and Report and Recommendation on Respondent Cambridge Transportation Inc. via U.S. Certified Mail and file a certificate of service of the same by **September 18, 2024**; and

2. The EEOC shall file a letter notifying the Court within **14 days** of its receipt of any production of information from Cambridge purporting to satisfy the subpoena's requirements, stating whether the production is satisfactory or deficient, and identifying any such deficiencies.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that Cambridge's civil contempt sanctions, as ordered on July 8, 2024 ([ECF No. 33]), be increased from $100.00 to $200.00 per day for each day that Cambridge remains out of compliance with the EEOC's subpoena, beginning September 9, 2024.

Dated: September 11, 2024         *s/ Dulce J. Foster*
                                  Dulce J. Foster
                                  United States Magistrate Judge

3

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).