# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Equal Employment Opportunity Commission,<br><br>Petitioner,<br><br>v.<br><br>Cambridge Transportation, Inc.,<br><br>Respondent. | Case No. 23-MC-101 (NEB/DJF)<br><br>**ORDER** |

This matter is before the Court on Petitioner United States Equal Employment Opportunity Commission's ("EEOC") Motion for an Order to File Appearance or, in the Alternative, to Allow Ex-Parte Communications with Respondent ("Motion") (ECF No. 43). The EEOC requests that the Court either: (1) order Respondent Cambridge Transportation, Inc.'s ("Cambridge") general counsel, Keillen Curtis, to file an appearance in this action; or (2) enter an order allowing the EEOC to engage in direct communications with Cambridge. (*Id.*) For the reasons given below, the Court denies the Motion.

The EEOC asks the Court to force Mr. Curtis to represent Cambridge in an action in which he has neither entered an appearance nor been retained for the purpose of the litigation. In effect, the EEOC is requesting that the Court choose Cambridge's litigation counsel. (*See* ECF No. 43, stating that Mr. Curtis "represented to the EEOC that he is not representing [Cambridge] on the legal matter pending before this Court"). "It is well settled that a party in a civil action has the 'right to freely choose [its] own counsel.'" *Gurniak v. Emilsen*, 995 F. Supp. 2d 262, 269 (S.D.N.Y. 2014) (quoting *Hempstead Video, Inc. v. Will. Of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)). Depriving a party of this right "is a penalty that must not be imposed without careful consideration." *F.D.I.C. v.*

*U.S. Fire Ins. Co.*, 50 F.3d 1304, 1313 (5th Cir. 1995); *see also Miller v. Dep't of Veterans Affairs*, No. 09-CV-159 (GMS), 2012 WL 560067, at *3 (D. Del. Feb. 16, 2012).

The EEOC argues that an order requiring Mr. Curtis to appear is necessary because Cambridge has utterly failed to comply with its legal obligations. (*See* ECF No. 43 at 2.) But there are other means of ensuring compliance with the subpoena short of abridging Cambridge's right to choose its own counsel (*see* ECF No. 40 at 2). The EEOC also argues that an order requiring Mr. Curtis to appear would be proper because Cambridge identified Mr. Curtis as its legal representative. (ECF No. 43 at 2.) But Mr. Curtis has identified himself only as its general counsel, not its litigation counsel, and explicitly stated that Cambridge intends to retain other counsel to respond to this matter. (*See* ECF No. 34-1 at 1-2.) The Court will not conscript Mr. Curtis to appear on Cambridge's behalf and cannot force Cambridge to retain him as its representative in this action.

The Court also declines to issue an order approving EEOC counsel's request for permission to engage in direct communications with Cambridge's management because it essentially asks the Court for an advisory ethics opinion. *Cf. Hills as trustee for Covelski v. Extendicare Homes, Inc.*, No. 05-CV-676 (JNE/JGL), 2005 WL 8164571, at *1 (D. Minn. Aug. 5, 2005) (declining to issue advisory ethics opinion and instead issuing guidelines for communications with defendant's former employees). The prohibition against lawyers contacting represented parties arises from Rule 4.2 of the Minnesota Rules of Professional Conduct.[1] Minn. R. Prof. Conduct R. 4.2 (2005), cmt. 4 ("This rule does not prohibit communication with a represented person, or an employee or agent of such a person, concerning matters outside the representation."); *see also* cmt. 8 ("The prohibition on communications with a represented person only applies in circumstances where the lawyer knows that the person is in fact represented in the matter to be discussed … but such actual knowledge may

be inferred from the circumstances."). Whether Rule 4.2 prohibits the EEOC's counsel from contacting Cambridge's employees directly is a determination solely for EEOC counsel to make in consultation with her own ethics counsel. To the extent Rule 4.2 might prohibit the communications counsel is seeking to make, the Court will not enter an order that permits noncompliance with applicable ethics rules.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that the EEOC's Motion for an Order to File Appearance or, in the Alternative, to Allow Ex-Parte Communications with Respondent (ECF No. 43) is **DENIED**.

Dated: December 18, 2024            *s/ Dulce J. Foster*
                                                  DULCE J. FOSTER
                                                  United States Magistrate Judge

---

[1] The rule and its comments were adopted from the American Bar Association's Model Rule of Professional Conduct 4.2.